IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR F. SCULL,

       Plaintiff,

vs.                                                        No. CIV 11-0207 JB/RHS

MANAGEMENT & TRAINING CORPORATION,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint, filed June 21, 2011 (Doc. 17)("Motion to Amend"). The Court held a hearing on October 28, 2011. The primary issue is whether the Court should grant Plaintiff Oscar F. Scull leave to amend the Plaintiffs [sic] Original Complaint (dated January 11, 2011) filed March 8, 2011 (Doc. 1-1)("Original Complaint") to add as a defendant PNA of Texas I, Ltd. The Court will grant the Motion to Amend and permit Scull to amend his Original Complaint subject to the parties' previously agreed-upon changes.

**PROCEDURAL BACKGROUND**

On January 11, 2011, Scull filed his Complaint alleging negligence, civil rights violations, and premises liability against Defendant Management & Training Corporation ("MTC") in the Third Judicial District Court, Dona Ana County, New Mexico. See Original Complaint at 1. On March 8, 2011, MTC removed the action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441, 1446. See Notice of Removal, filed March 8, 2011 (Doc 1).

On June 21, 2011, Scull filed his Motion to Amend. See Doc. 17. In his Motion to Amend, Scull moves the Court for leave to file his First Amended Complaint to add PNA of Texas I, Ltd.

as a defendant.  <u>See</u> Motion to Amend at 1.  Scull contends that he did not discover PNA of Texas' identity until just before filing the Motion to Amend. <u>See</u> Motion to Amend at 1.  Scull states that he provided a copy of the proposed amended complaint to MTC, but was unable to contact MTC's counsel before the filing deadline to obtain MTC's position on the Motion to Amend. <u>See</u> Motion to Amend at 1.  Scull also filed a copy of Plaintiffs' [sic] First Amended Complaint, filed June 21, 2011 (Doc. 17-1)("Amended Complaint").

On June 28, 2011, MTC filed its Response in Opposition to Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint.  <u>See</u> Doc. 20 ("Response").  MTC asserts that Scull's "proposed First Amended Complaint fails to differentiate which Defendant -- PNA of Texas or MTC -- Plaintiff claims is liable for which causes of action."  Response at 1. MTC argues that Scull's failure to clearly inform MTC which allegations pertain to it amounts to undue prejudice, and that the Court should deny the Motion to Amend.  <u>See</u> Response at 2 (citing <u>First City Bank v. Air Capitol Aircraft Sales</u>, 820 F.2d 1127, 1132 (10th Cir. 1987)).  MTC further asserts that the medical malpractice claim in Scull's proposed Amended Complaint includes allegations that are irrelevant to a medical malpractice claim.  <u>See</u> Response at 2.  Specifically, MTC argues that including allegations of 42 U.S.C. § 1983 violations, unspecified violations of "State of New Mexico Codes, Rules, and Regulations," and unspecified violations of "nationally accepted standards" are inappropriately included in the medical malpractice claim.  Response at 2. MTC contends that, because the allegations have "nothing to do with medical malpractice," the Court should deny the Motion to Amend.  Response at 2.  Scull did not file a reply to MTC's Response.

At the October 28, 2011 hearing, Scull stated that, because he had yet to receive any discovery, he was unable to determine definitively whether MTC, PNA of Texas, or both were responsible for providing medical care to detainees at MTC.  <u>See</u> Transcript of Hearing at 3:10-24

(taken October 28, 2011)(Quintero)("Tr.").[1] Scull then stated that he intended to bring his claims against both MTC and PNA of Texas. See Tr. at 3:25-4:9 (Court, Quintero). MTC argued that, despite Scull's assertion at the hearing that the claims applied to both Defendants, the proposed Amended Complaint does not clearly state to which Defendant each of the claims apply or whether the claims apply to both. See Tr. at 4:20-22 (Gooch). MTC stated that, because of the various plural and singular references to defendant and defendants throughout the pleading, MTC is unsure whether the claims pertain to MTC, PNA of Texas, or both. See Tr. at 4:23-5:2 (Gooch). MTC argued that such ambiguity unfairly prejudices MTC as well as PNA of Texas. See Tr. at 4:23-5:2 (Gooch). MTC stated that the proposed Amended Complaint does not fairly apprise the Defendants of the matters into which they may need to inquire during discovery, or on which they may need to prepare motions for summary judgment and other motions. See Tr. at 5:2-7 (Gooch). The Court again asked Scull if he intended to bring his claims against both MTC and PNA of Texas. See Tr. at 6:4-6 (Court). Scull confirmed that he intended to bring each of his claims against both Defendants. See Tr. at 6:7 (Quintero).

    The Court asked MTC to point out specific examples where Scull used unclear terms in his proposed Amended Compliant. See Tr. at 6:8-12 (Court). MTC pointed out that Counts One and Two of Scull's proposed Amended Complaint reference "Defendants and its employees," making it unclear whether his claims are against one or both Defendants. Tr. at 6:13-18 (Gooch). Scull agreed to use the language "Defendants and their employees" to make these counts clearer. Tr. at 6:21-24 (Court, Quintero). MTC stated that it appeared that Count Three was a claim only against MTC and asked for clarification from Scull. See Tr. at 7:2-5 (Gooch). Scull verified that the

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

allegations in Count Three pertain only to MTC and agreed to use "Defendant MTC" in that Count for clarity. Tr. at 7:12-21 (Court, Quintero). MTC pointed out similarly unclear language in Count Four of Scull's proposed Amended Complaint. See Tr. at 8:2-6 (Gooch). Scull confirmed that he intended that the allegations in Count Four would pertain to both MTC and PNA of Texas and agreed to revise this Count to make his intent clear. See Tr. at 8:22-24 (Quintero).

    MTC also argued that Count Four of Scull's proposed Amended Complaint added irrelevant allegations, including alleged violations of 42 U.S.C. § 1983 and other unspecified rules and regulations. See Tr. at 9:3-11 (Gooch). MTC asserted that those allegations were improperly brought as a medical malpractice claim. See Tr. at 9:22-10:1 (Gooch). Scull's attorney, Connie Quintero, stated that she had advised Scull to withdraw his 42 U.S.C. § 1983 claims and was waiting for Scull to return her telephone call to confirm his consent to the withdrawal. See Tr. at 10:17-22 (Quintero). Scull contended, however, that, without discovery, he was unable to specify the exact rules and regulations referenced in the medical malpractice claim. See Tr. at 10:23-11:3 (Quintero). MTC stated that the violation of a rule or regulation is not a medical malpractice element, and does not result in a medical malpractice claim. See Tr. at 11:5-9 (Gooch). The Court then asked whether a regulation could provide a basis for the duty of care. See Tr. at 11:10-13 (Court). MTC agreed that the violation of a regulation could presumably provide the basis for negligence per se or aid in defining the duty of care for medical malpractice. See Tr. at 11:14-16 (Court, Gooch). The Court stated that the allegations in the Amended Complaint based on unspecified rules and regulations were adequate, and that the Defendants were on notice that Scull would use those rules and regulations to define the Defendants' duty. See Tr. at 12:4-7 (Court). The Court also stated that Scull may have to use discovery to determine the rules and regulations on which he would rely. See Tr. at 12:7-8 (Court).

The Court then granted the Motion to Amend subject to the parties' agreed-upon changes and requested that Scull's counsel advise the Court after she contacted Scull to confirm that he agreed to voluntarily withdraw his 42 U.S.C. § 1983 claims.  See Tr. at 12:18-24 (Court).

## **LAW REGARDING AMENDMENT OF PLEADINGS**

A party may amend its pleadings once as a "matter of course" within twenty-one days of serving the pleading or twenty-one days after a service of a motion under rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under rule 15(a), a court should freely grant leave to amend a pleading where justice so requires.  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.); Youell v. FNU Russell, No. 04-1396, 2007 WL 709041, at *1-2 (D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tel. Coop., No. 05-0073, 2005 WL 3664299, at *1 (D.N.M. Sept. 23, 2005)(Browning, J.).  The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given.  Fomen v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).  See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court may deny leave to amend under rule 15(a), however, where the proposed "amendment would be futile." Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848,

859 (10th Cir. 1999). The Tenth Circuit has held that "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." Chaara v. Intel Corp., No. 05-278, 2006 WL 4079030, at *4 (D.N.M. May 31, 2006)(Browning, J.)(internal quotation marks omitted). Thus, a court may deny leave to amend where the amended pleading "sets forth claims that would clearly not prevail or improve the party's position." Chaara v. Intel Corp., 2006 WL 4079030, at *4. A court may also deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" B.T. ex rel. G.T. v. Santa Fe Pub. Schs., No. 05-1165, 2007 WL 1306814, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(alterations original)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).

## ANALYSIS

The Court will grant the Motion to Amend. The Court does not believe that granting the Motion to Amend will unduly prejudice the Defendants. Additionally, the Court finds that the Motion to Amend was not unduly delayed, the product of bad faith, or the product of a dilatory motive.

The Supreme Court has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. Fomen v. Davis, 371 U.S. at

-6-

182. Furthermore, the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim. See Curley v. Perry, 246 F.3d at 1284. See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

MTC opposes the Motion to Amend and argues that the Motion to Amend unduly prejudices it. See Response at 1. MTC further asserts that Scull includes inappropriate and irrelevant allegations in his medical malpractice claim. See Response at 2. The Court concludes that it should grant the Motion to Amend to provide Scull the opportunity to have each of his claims decided on its merits. MTC has not argued, and the Court does not find, that Scull has acted in bad faith, engaged in undue delay, or acted with a dilatory motive. See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579. Additionally, while a party may encounter greater difficulties if it seeks leave to amend after the time for doing so under a scheduling order has passed, Scull sought leave to amend before the expiration of the time allowed under the Scheduling Order, filed April 28, 2011 (Doc. 12), which is June 21, 2011. See Scheduling Order at 1. Thus, rule 15's liberal standard for deciding a motion to amend remains applicable instead of the more stringent standard applicable to change a rule 16 order.[2] MTC has not argued that granting leave to amend would be futile, and the Court does not have evidence before it to conclude that Scull's claims against PNA of Texas would lack merit. See Curley v. Perry, 246 F.3d at 1284.

Additionally, Scull has addressed MTC's concerns that it would suffer undue prejudice if

---

[2]The Tenth Circuit has interpreted rule 16 as imposing a "good cause" standard to untimely motions to amend when a scheduling order governs the case. Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Accord Coffey v. United States, Nos. 08-0588, 09-0028, 2011 WL 5826004, at *7 (D.N.M. Nov. 14, 2011)(Browning, J.). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for the delay." Minter v. Prime Equip. Co., 451 F.3d at 1205 n.4. The Court has noted, however, that "the Tenth Circuit has not expressly decided whether rule 16 applies to motions seeking leave to amend a complaint." Coffey v. United States, 2011 WL 5826004, at *14.

the Court granted leave to amend and required Scull to make the changes upon which the parties agreed at the October 28, 2011 hearing. MTC was concerned that Scull's inconsistent use of singular and plural terms made it unclear which Defendant Scull alleged was liable for which causes of action, see Response at 1-2; however, Scull advised MTC and the Court at the hearing which claims he intended to assert against which Defendant. Accordingly, MTC is now on notice of which claims Scull will assert against it, PNA of Texas, or both Defendants, and will be able to address those claims as the case moves forward. Scull also agreed to revise the language of his Amended Complaint to clearly differentiate against which Defendant he asserted each of his causes of action.[3] MTC also argued that Scull's proposed Amended Complaint includes allegations irrelevant to the establishment of a medical malpractice claim. See Response at 2. Scull has since withdrawn his 42 U.S.C. § 1983 claims.[4] Furthermore, at the hearing, the Court established that Scull's allegations that MTC and PNA of Texas violated unspecified rules and regulations could operate to define the Defendants' duty of care. See Tr. at 12:4-7 (Court). Although Scull has asserted claims against an additional defendant -- PNA of Texas -- there is no indication, and MTC has not argued, that these claims change the basic theory, or rely on different underlying facts, compared to the claims and allegations appearing in the Original Complaint. See United States ex rel. Told v. Interwest Constr. Co., Inc., 267 F.App'x 807, 810-11 (10th Cir. 2008)(unpublished)(recognizing that denial of leave to amend was proper when the plaintiff sought to add new claims that "involved entirely different

---

[3]Scull filed his First Amended Complaint on November 1, 2011. See Doc. 36. In it he specifies, consistent with his representations at the hearing and consistent with the Court's instructions, which causes of action pertain to MTC, PNA of Texas, or both Defendants. See First Amended Complaint at 1-9.

[4]Scull's Amended Complaint contains no claims that any actions of MTC or PNA of Texas violated 42 U.S.C. § 1983. See Doc. 36.

facts"); Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1428-29 (7th Cir. 1993)(recognizing that the district court properly denied leave to amend when the plaintiff sought to add "an entirely new and separate claim" based on an event that occurred at a much later date in time).

A court should freely grant leave to amend a pleading under rule 15(a). See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80; Youell v. FNU Russell, 2007 WL 709041, at *1-2; Burleson v. ENMR-Plateau Tel. Coop., 2005 WL 3664299, at *1.  None of the factors listed in Fomen v. Davis are present here, because at the hearing the Court addressed the undue prejudice that MTC feared and Scull has agreed to make, and has made, alterations to the proposed Amended Complaint to eliminate any prejudice. "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" B.T. ex rel. G.T. v. Santa Fe Pub. Schs., 2007 WL 1306814, at *2 (quoting Minter v. Prime Equip. Co., 451 F.3d at 1204).  Consequently, the Court will grant Scull leave to amend his pleadings.

**IT IS ORDERED** that Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint, filed June 21, 2011 (Doc. 17)("Motion to Amend") is granted, with the changes to the proposed pleading as set forth in this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Connie Quintero
Scherr & Legate, PLLC
El Paso, Texas

    *Attorneys for the Plaintiff*

Kurt Wihl
Christina Muscarella Gooch
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Management and Training Corporation*

Agnes F. Padilla
Michael Scott Owen
Butt Thornton & Baehr, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant PNA of Texas I, Ltd.*