IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR F. SCULL,

       Plaintiff,

vs.                                                                                                                                      No. CIV 11-0207 JB/RHS

MANAGEMENT & TRAINING CORPORATION,
and PNA OF TEXAS I, LTD.

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint, filed April 30, 2012 (Doc. 90)("Second Motion to Amend"). The Court held a motion hearing on June 26, 2012. The primary issue is whether the Court should grant Plaintiff Oscar F. Scull leave to amend the First Amended Complaint, filed November 1, 2011 (Doc. 36), to change the Defendant PNA of Texas I, Ltd. to Physicians Network Association and PNA of New Mexico, Inc., as well as to amend several of the factual allegations in the First Amended Complaint.[1] The Court will deny the Second Motion to Amend.

---

[1] In the First Amended Complaint at 1, filed November 1, 2011 (Doc. 36), Plaintiff Oscar F. Scull names "PNA of Texas I, Ltd." as a Defendant. This Defendant informed the Court that Scull improperly referred to it as PNA of Texas I, Ltd., and that its proper name is PNA of New Mexico, PC. See Defendant PNA of New Mexico, PC's (Improperly Designated as PNA of Texas I, Ltd.) Answer to Plaintiffs' [sic] First Amended Complaint, filed January 11, 2012 (Doc. 48). In the Stipulation of Dismissal With Prejudice of all Claims Against Defendant PNA of New Mexico, PC and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.) and Counts 2 and 3 Against Defendant Management & Training Corporation, filed October 17, 2012 (Doc. 141), the Court first learned that "PNA" is an acronym for Physicians Network Association. Throughout this memorandum opinion and order, the Court will refer to the improperly named Defendant, PNA of Texas I, Ltd., as "PNA."

**PROCEDURAL BACKGROUND**

On January 11, 2011, Scull filed a Complaint alleging negligence, civil rights violations, and premises liability against Defendant Management & Training Corporation ("MTC") in the Third Judicial District Court, Doña Ana County, New Mexico. See Plaintiffs' [sic] Original Complaint, filed in state court on January 11, 2011, filed in federal court March 8, 2011 (Doc. 1-1)("Complaint"). The Complaint alleges that, while Scull was a detainee at MTC's facility, the Otero County Processing Center in New Mexico, he injured his arm when he slipped and fell. See Complaint at 1. On March 8, 2011, MTC removed the action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441, 1446. See Defendant's Notice of Removal at 1, filed March 8, 2011 (Doc 1). The Court's Scheduling Order allowed Scull "until June 21, 2011 to move to amend the pleadings and to join additional parties in compliance with Fed. R. Civ. P. 15(a)." Scheduling Order, filed April 28, 2011 (Doc. 12). On June 21, 2011, Scull filed Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint. See Doc. 17 ("First Motion to Amend"). Scull moved the Court for leave to add PNA of Texas I, Ltd. to his First Amended Complaint. See First Motion to Amend at 1. After a hearing on October 28, 2011, the Court granted the First Motion to Amend. See Memorandum Opinion and Order, filed February 29, 2012 (Doc. 58). Scull included PNA of Texas I, Ltd. as a Defendant in the First Amended Complaint, and deleted Count Two, the 1983 civil rights claim. See First Amended Complaint at 3. MTC filed an answer to the Amended Complaint on November 8, 2011. See Defendant Management Training Corporation's Answer to Plaintiff's First Amended Complaint, filed November 8, 2011 (Doc. 38). PNA filed an answer to the First Amended Complaint as well, filing as PNA of New Mexico, PC, noting that Scull had improperly named Defendant PNA as "PNA of Texas I, Ltd." Defendant PNA of New Mexico,

PC's (Improperly Designated as PNA of Texas I, Ltd.) Answer to Plaintiffs' [sic] First Amended Complaint, filed January 11, 2012 (Doc. 48).

In the Second Motion to Amend, Scull moves the Court for leave to change PNA's name and to amend certain factual allegations in the First Amended Complaint. PNA moves to replace Defendant Physicians Network Association, Inc. and PNA of New Mexico, Inc., for PNA of Texas I, Ltd., and Scull states that he first learned of the Defendants' proper names after depositions he conducted on March 28, 2011. See Second Motion to Amend at 1-2. Scull also moves to include "facts which were discovered during litigation in order to have its live pleadings include as many relevant facts in order to give fair notice to Defendants." Second Motion to Amend at 2. Scull seeks to include factual changes in Plaintiff's [Proposed] Second Amended Complaint ("Proposed Second Amended Complaint"). See Proposed Second Amended Complaint, filed April 30, 2012 (Doc. 90-1). The first factual change is in paragraph five of the First Amended Complaint (paragraph six of the Proposed Second Amended Complaint) from "Plaintiff Scull was walking through the hallway of the MTC facility when he slipped and fell on what is believed to be water or other dangerous substance leaking from an air conditioner at the MTC facility," to "Plaintiff Scull was walking through the hallway of one of the units within the MTC's facility, when he slipped and fell on what is believed to be water or other dangerous substance leaking from an air conditioner or roof." Proposed Second Amended Complaint at 2. The second factual change Scull requests is to add another paragraph under Count Two (Negligence for Failure to Provide Medical Care), alleging that Defendants MTC and PNA were negligent in Scull's medical care by "failing to timely bring Plaintiff Scull to obtain his physical therapy as ordered to by his treating physician and take him to his required medical appointments." Proposed Second Amended Complaint at 5-6.

On May 15, 2012, MTC filed a Response to the Plaintiff's Second Motion to Amend. See Defendant Management & Training Corporation's Response in Opposition to Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (Doc. 102)("Response").  MTC states that it "does not take a position on Plaintiff's request to add defendants." Response at 2.  MTC asserts, however, that the Second Motion to Amend was filed in an untimely manner: "Plaintiff missed the deadline in which to seek to amend his pleadings by almost a year."  Response at 4.  MTC also asserts that the proposed factual amendments include "facts that Plaintiff should know without the need for discovery."  Response at 4.  MTC further states that "[d]iscovery should not have been required to discern the location of Plaintiff's alleged fall."  Response at 3.

The Court held a hearing on June 26, 2012.  At the hearing, the defendants agreed to the name change from PNA of Texas I, Ltd. to Physicians Network Association, Inc. and PNA of New Mexico, Inc.  See Transcript of Hearing at 10:25-11:16 (taken June 26, 2012) (Court, Gooch, Padilla)("Tr.").[2]  In discussing the proposed factual amendment to the location of the alleged fall, Scull stated: "I was certainly not going to take the Court's time to change from hallway to a hallway within the unit." Tr. at 11:23-24 ([Quintero]).[3]  Scull also acknowledged that since the beginning of litigation he knew the fall took place in a unit: "Since the . . .

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[3] Although the rough draft transcript of the hearing shows "Ms. Padilla" as speaking throughout 5:1-7:17, the context and the Clerk's Minutes, for proceedings held before District Judge James O. Browning: Motion Hearing held on Jun. 26, 2012, filed June 26, 2012 (Doc. 133), show the speaker is actually Scull's counsel, Connie Quintero. The Court asks the speaker about what she put in the original complaint, see Tr. at 5:2-4 (Court), as well as the First Amended Complaint, see Tr. 6:5-6 (Court); at one point the Court refers to her as "Ms. Quintero," see Tr. at 5:23-6:4 (Court); and the speaker discusses "the defendants," see Tr. at 7:11-14 (Court, Quintero).  Additionally, in the Clerk's Minutes, Ms. Agnes Padilla, counsel for PNA, speaks for only one minute before Ms. Quintero begins to argue again in support of the motion.  See Clerk's Minutes at 2.

beginning they've made an argument that they want to limit discovery to documents within B4 because that is where he was housed and where he was in and where [he] was alleged to fall." Tr. at 4:10-13 (Quintero). Scull went on to state, in reference to both proposed factual amendments: "I certainly was not going to file a motion for leave to include those two details that I felt were already encompassed in what I had already done." Tr. at 12:9-12 ([Quintero]). Scull acquiesced that, because the unit number was not included in the Proposed Second Amended Complaint, amending the First Amended Complaint did not make the allegation more specific. See Tr. at 7:6-11 (Court, Quintero). Scull explained, however, that the purpose of including "one of the units" was to clarify that the alleged fall occurred within the unit where Scull was housed and not in one of the facility's common areas. Tr. at 6:22-7:5 ([Quintero]). Scull also stated that the reason there was a delay in the factual allegations was that, until he conducted discovery and received information from MTC, Scull did not know in which unit the alleged incident occurred. See Tr. at 4:5-25 (Quintero).

MTC argued that the Second Motion to Amend was untimely and that there is no justification for that untimeliness. MTC pointed out that the Second Motion to Amend was filed long after the deadline set forth in the Scheduling Order. See Tr. at 9:16-17 (Gooch). MTC also argued that the amendments Scull proposes include facts that Scull should have known when he initiated the lawsuit. See Tr. at 9:17-22 (Gooch). MTC's primary objections to the Second Motion to Amend are its untimeliness and that the proposed amendments include facts that Scull should have already known. See Tr. at 9:11-22 (Gooch).

On October 17, 2012, the parties filed a stipulated dismissal, dismissing with prejudice all claims against PNA of New Mexico, PC and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.), and Counts Two and Three against MTC. See Stipulation of

Dismissal with Prejudice of All Claims Against Defendant PNA of New Mexico, PC and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.) and Counts 2 and 3 Against Defendant Management & Training Corporation with the Court, filed October 17, 2012 (Doc. 141)("Stipulated Dismissal"). Of the proposed amendments to the First Amended Complaint, the Stipulated Dismissal deletes PNA as a party, as well as the medical malpractice claims -- Counts Two and Three -- against MTC.  Thus, the only remaining count left from the First Amended Complaint is Count One: Negligence (Premises Liability), against MTC.  See Proposed Second Amended Complaint at 4-5.  The remaining alteration in this count is the change to "Plaintiff Scull was walking through the hallway of one of the units within the MTC's facility, when he slipped and fell on what is believed to be water or other dangerous substance leaking from an air conditioner or roof."  Proposed Second Amended Complaint at 2.

## RELEVANT LAW ON AMENDMENT OF PLEADINGS

A party may amend its pleadings once as a "matter of course" within twenty-one days of serving the pleading or twenty-one days after a service of a motion under rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The United States Court of Appeals for the Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub. Sch., No. CIV 05-1165 JB/RLP, 2007 WL 1306814, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(secondary quotations omitted)(alterations original).  Under rule 15(a), a court should freely grant leave to

amend a pleading where justice so requires. See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.); Youell v. FNU Russell, No. CIV 04-1396, 2007 WL 709041 JB/WDS, at **1-2 (D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tel. Coop., No. CIV 05-0073, 2005 WL 3664299 JB/KBM, at *1 (D.N.M. Sept. 23, 2005)(Browning, J.).

There are, however, certain circumstances when a court should deny a motion to amend: "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Additionally, "it is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay." Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(quoting Woolsey v. Marion Labs, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991)). The Court should consider, when deciding whether to allow a party to amend a complaint,

> 'whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial' . . . [. U]ntimeliness alone may be a sufficient basis for denial of leave to amend . . . prejudice to the opposing party need not also be shown.

Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)(quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984)). See Zokari v. Gates, 561 F.3d 1076, 1087 n.2 (10th Cir. 2009)(explaining that a plaintiff had not argued he should have been allowed to amend his complaint, but that had plaintiff done

so, it would have been within the discretion of the trial judge to deny the amendment because of its untimeliness).

Undue delay is demonstrated where the proposed amendment comes after the deadline to amend pleadings and the amending party has no adequate explanation for the delay. See Minter v. Prime Equip. Co., 451 F.3d at 1206 ("[The Tenth] Circuit . . . focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" (quoting Frank v. U.S. W. Inc., 3 F.3d at 1363-66)). The Tenth Circuit has stated that it is not delay in and of itself that warrants denial for leave to amend, it is when that delay becomes undue: "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" Minter v. Prime Equip. Co., 451 F.3d at 1205 (quoting Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)). See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1130 (10th Cir. 1998)(finding that a plaintiff had unduly delayed in filing a pleading where it appeared that the "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint" and the motion to amend was filed "five months after discovery cut off"). Courts have found undue delay when a party moved to amend the pleading to include information the party should have known earlier or had an earlier opportunity to include in the pleading:

> A court may thus deny the motion for leave to amend because of untimeliness, especially when the party seeking an amendment knows, should have known, or has reason to know of the facts supporting the claim in the proposed amendment, but fails to include it when the original complaint was filed.

Street v. Curry Bd. of Cnty. Comm'rs, No. CIV 06-0776JB, 2008 WL 2397671 JB/KBM, at *5 (D.N.M. Jan. 30, 2008). See also Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th

Cir. 1994)(noting motion to amend filed "was not based on new evidence unavailable at the time of the original filing" and denying motion on that basis).

The Tenth Circuit has interpreted rule 16 of the Federal Rules of Civil Procedure to impose a "good cause" standard on untimely motions to amend when a scheduling order governs the case, which "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d at 1205 n.4.  Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16 only allows such amendments for 'good cause,' an arguably more stringent standard than the standards for amending a pleading under Rule 15."  Bylin v. Billings, 568 F.3d at 1230 (quoting Fed. R. Civ. P. 16(b)(4)).  The Tenth Circuit has noted that there is a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16."  Bylin v. Billings, 568 F.3d at 1231.

> [R]ule 16(b) of the Federal Rules of Civil Procedure provides that a court shall enter a scheduling order limiting the time to amend pleadings. . . .  Courts have held that, when a party files a motion to amend after the scheduling order's deadline has passed, (i) '[the] movant must first demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)'; and (ii) '[i]f the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a).'

Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007)(Browning, J.)(quoting Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687 (D.Colo. 2000)).  The Tenth Circuit has recognized that there is still an open issue about applying rule 16 to pleading amendments when the time for seeking leave to amend a pleading has passed under a scheduling order.  See Bylin v. Billings, 568 F.3d at 1232 n.10 ("Because we decline to consider the Bylins' Rule 16 argument,

we leave for another day the question of whether this circuit should apply Rule 16 when a party seeks to amend a pleading after a court-imposed deadline."). In Minter v. Prime Equip. Co., 451 F.3d at 1205 n.4, the Tenth Circuit noted that "[n]either party raises the question, and given the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15, it would not affect the outcome of this case."  Minter v. Prime Equip. Co. 451 F.3d at 1205 n.4.  Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. . . .  Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Advanced Optics Elecs., Inc. v. Robins, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)(Browning, J.).  See Gerald v. Locksley, 849 F. Supp. 2d 1190, 1237-49 (D.N.M. 2011)(Browning, J.)(finding good cause for granting leave to amend when a plaintiff filed for leave to amend after the deadline in the scheduling order).

## ANALYSIS

The Court will deny the Second Motion to Amend, because Scull has not shown that anything other than undue delay is the reason the Second Motion to Amend is untimely.  Although the Court should freely give leave to amend when justice so requires, the Court has discretion to deny a motion to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed."  In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d at 1365-66).  The Stipulated Dismissal moots Scull's claims against PNA, and Counts Two and Three against MTC.  Thus, the Proposed Second Amended Complaint would change only factual allegations, of which Scull should have been aware, the

substance of which he could have included in his First Amended Complaint. Further, Scull has not given an adequate explanation for the Second Motion to Amend's untimeliness.

The Stipulated Dismissal dismissed Scull's claims against PNA of New Mexico, PC, and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.), and Counts Two and Three against MTC, mooting most of the proposed amendments. See Stipulated Dismissal at 1. First, Scull moves to amend the Complaint to add Physicians Network Association, Inc. and PNA of New Mexico, Inc. as Defendants, in lieu of PNA of Texas I, Ltd. See Second Motion to Amend at 1. Because the Stipulated Dismissal dismissed, with prejudice, the claims against PNA, there is no need to amend the Complaint to name Physicians Network Association, Inc. and PNA of New Mexico, Inc. as the proper Defendants. Scull moves to add a paragraph under Count Two alleging that MTC was negligent in improperly providing medical care to Scull, and "in failing to timely bring Plaintiff Scull to obtain his physical therapy as ordered to by his treating physician and take him to his required medical appointments." Proposed Second Amended Complaint at 5-6. The stipulated dismissal of Counts Two and Three of the Complaint moots Scull's proposed amendment to Count Two regarding missed physical therapy appointments and negligent medical care. See Proposed Second Amended Complaint at 5-8.

Because of the dismissal of PNA and Counts Two and Three against MTC, the only remaining proposed amendment left for the Court to consider is the change from "Plaintiff Scull was walking through the hallway of the MTC facility when he slipped and fell on what is believed to be water or other dangerous substance leaking from an air conditioner at the MTC facility," to "Plaintiff Scull was walking through the hallway of one of the units within the MTC's facility, when he slipped and fell on what is believed to be water or other dangerous substance leaking from an air conditioner or roof." First Amended Complaint at 2; Proposed

Second Amended Complaint at 2.  Scull stated at the hearing that amending the Complaint to include "hallway in one of the units" would not "affect [his] case much," Tr. at 7:6-11 (Court, [Quintero]), and that he "was certainly not going to take the Court's time to change from hallway to a hallway within the unit," Tr. at 11:23-24 ([Quintero]).  "A court may . . . deny the motion for leave to amend because of untimeliness, especially when the party seeking an amendment knows, should have known, or has reason to know of the facts supporting the claim in the proposed amendment, but fails to include it when the original complaint was filed."  Street v. Curry Bd. of Cnty Comm'rs, 2008 WL 2397671, at *5.  The Proposed Second Amended Complaint includes facts that could have been alleged at the filing of either the Complaint or the First Amended Complaint.  Scull has known since the beginning of litigation that the fall took place in one of the units: "Since the . . . beginning they've made an argument that they want to limit discovery to documents within B4 because that is where he was housed and where he was in and where [he] was alleged to fall."  Tr. at 4:10-13 (Quintero).  While Scull learned new information during discovery about the precise unit where Scull was housed, Scull has not moved to amend to include that information.  See Tr. at 4:5-15 (Quintero)("I discovered what unit he was in and that he was in unit B4.").  Scull informed the Court at the hearing that he learned of the unit number through discovery, but the Proposed Second Amended Complaint does not include that number; it merely specifies that the hallway was in one of the units.  See Proposed Second Amended Complaint at 2.  Scull argues in the Second Motion to Amend: "Plaintiff has also included facts which were discovered during litigation in order to have its live pleadings include as many relevant facts in order to give fair notice to Defendants."  Second Motion to Amend at 2.  Scull admitted, at the hearing, however, that MTC already knew Scull was housed in a unit, and that MTC had already provided that unit number to him.  See Tr. at

-12-

4:9-17 (Quintero)("The defendants actually are the one[s] who told me was unit he was in."). Scull knew, thus, before filing the Second Motion to Amend, that the fall occurred in one of the units, and he failed to include that fact in either the Complaint or the First Amended Complaint. See Complaint at 1; First Amended Complaint at 2. The Stipulated Dismissal moots all but one of Scull's proposed amendments to the First Amended Complaint; the remaining proposed amendment includes information of which Scull should have already been aware of and Scull has given no explanation for the untimeliness of this amendment.

Additionally, Scull has not given an adequate explanation for the delay in amending the factual allegations. The Scheduling Order in this case set the deadline for amending the pleadings for June 21, 2011. See Scheduling Order at 1. Scull filed the Proposed Second Amended Complaint on April 30, 2012. See Second Motion to Amend. When a motion to amend a pleading is filed after the deadline in the Scheduling Order, the party seeking to amend the complaint must provide an adequate explanation for the delay. See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., 2007 WL 2296955, at *4 (denying a plaintiff leave to amend when the case had been pending for years and plaintiff did "not attempt to explain the delay"). Although Scull explained that he delayed changing the defendant's name because he had not yet deposed PNA, Scull has provided no explanation for his delay in making the factual amendments. See Second Motion to Amend at 2. Scull admitted at the hearing, "I was certainly not going to take the Court's time to change from hallway to a hallway within the unit," Tr. at 11:23-24 ([Quintero]), suggesting that the factual change is not a necessary amendment. Although it does not appear, and MTC has not argued, that the proposed amendment would prejudice it, the Tenth Circuit has stated that "untimeliness alone may be a sufficient basis for denial of leave to amend . . . prejudice to the opposing party need not also be shown." Las Vegas

Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d at 1185 (internal quotation marks omitted). Because Scull has given no explanation for the delay or the necessity of including the proposed factual amendment, he has not shown good cause for untimely moving to amend the First Amended Complaint. Scull has not explained why he needs the information in the case to proceed to trial. This amendment exercise is largely academic and seems to have no desirable purpose. Given the lack of purpose for the amendment, the Court believes that it shall enforce its deadline.

The Stipulated Dismissal moots all but one of Scull's proposed amendments, and the factual change remaining in the Proposed Second Amended Complaint is not based on new information obtained through discovery. Scull has failed to provide an adequate explanation for his delay in filing the Second Motion to Amend. The Court, thus, concludes that undue delay caused Scull's untimeliness. The Court therefore denies the Second Motion to Amend.

**IT IS ORDERED** that Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint, filed June 21, 2011 (Doc. 90) is denied.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE

*Counsel:*

Connie Quintero
Scherr & Legate, PLLC
El Paso, Texas

    *Attorneys for the Plaintiff*

Kurt Wihl
Christina Muscarella Gooch
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant Management and Training Corporation*

Agnes F. Padilla
Michael Scott Owen
Butt Thornton & Baehr, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant PNA of Texas I, Ltd.*