IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR F. SCULL,

        Plaintiff,

vs.                                                                                             No. CIV 11-0207 JB/RHS

MANAGEMENT & TRAINING CORPORATION,
and PNA OF TEXAS I, LTD.

        Defendants.

### **MEMORANDUM OPINION[1]**

**THIS MATTER** comes before the Court on the Opposed Motion to Extend Pre-Trial Motions Deadline, filed on June 25, 2012 (Doc. 124)("Second Motion to Extend"). The Court held a motion hearing on June 26, 2012. The primary issue is whether the Court should grant Defendant PNA of Texas I, Ltd. ("PNA Texas") an extension of the pre-trial motions deadline in the Scheduling Order, filed April 28, 2011 (Doc. 12).[2] To grant a motion to extend under rule 16, the Court must find good cause. Although good cause for extending the pretrial motions

---

[1] On March 29, 2013, the Court issued an Order in which it denied the Opposed Motion to Extend Pre-Trial Motions Deadline, filed on June 25, 2012 (Doc. 124), stating: "The Court will . . . at a later date issue an opinion more fully detailing its rationale for this decision." Doc. 144 at 1 n.1. This Memorandum Opinion is the promised opinion.

[2] In the First Amended Complaint at 1, filed November 1, 2011 (Doc. 36), Plaintiff Oscar F. Scull names "PNA of Texas I, Ltd." as a Defendant. This Defendant informed the Court that Scull improperly referred to it as PNA of Texas I, Ltd., and that its proper name is PNA of New Mexico, P.C. See Defendant PNA of New Mexico, PC's (Improperly Designated as PNA of Texas I, Ltd.) Answer to Plaintiffs' [sic] First Amended Complaint, filed January 11, 2012 (Doc. 48). In the Stipulation of Dismissal With Prejudice of all Claims Against Defendant PNA of New Mexico, PC and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.) and Counts 2 and 3 Against Defendant Management & Training Corporation, filed October 17, 2012 (Doc. 141), the parties indicated that "PNA" is an acronym for Physicians Network Association. Throughout this Memorandum Opinion, the Court will refer to the improperly named Defendant PNA of Texas I, Ltd., as "PNA Texas."

deadline may have existed when PNA Texas filed the Second Motion to Extend, the Court will deny the Second Motion to Extend because the Stipulation of Dismissal with Prejudice of All Claims Against Defendant PNA of New Mexico, PC and Physicians Network Association (Improperly Named PNA of Texas I, Ltd.) and Counts 2 and 3 Against Defendant Management & Training Corporation, filed October 17, 2012 (Doc. 141)("Stipulated Dismissal"), dismissed all claims against PNA Texas with prejudice.  Because PNA Texas is no longer a party in this matter, the Court does not have good cause to extend the pretrial motions deadline.  The Court will deny the Second Motion to Extend.

## PROCEDURAL BACKGROUND

On January 11, 2011, Plaintiff Oscar F. Scull filed Plaintiffs' [sic] Original Complaint ("Complaint"), alleging negligence, civil rights violations, and premises liability against Defendant Management & Training Corporation ("MTC") in the Third Judicial District Court, Doña Ana County, New Mexico.  See Complaint, filed in state court January 11, 2011, filed in federal court March 8, 2011 (Doc. 1-1).  The Complaint alleges that, while Scull was a detainee at MTC's facility, the Otero County Processing Center in Chaparral, New Mexico, he slipped and fell, and injured his arm.  See Complaint at 1.  On March 8, 2011, MTC removed the action, pursuant to 28 U.S.C. §§ 1441, 1446, to the United States District Court for the District of New Mexico.  See Notice of Removal, filed March 8, 2011 (Doc 1).  On April 28, 2011, the Court entered the Scheduling Order.  See Scheduling Order at 1.  The Scheduling Order set the deadlines for pretrial motions on September 19, 2011.  See Scheduling Order at 2.

On June 21, 2011, Scull filed his first Motion to Amend the Complaint.  See Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint (Doc. 17)("First Motion to Amend").  In his First Motion to Amend, Scull moved the Court for leave to add PNA Texas

in the First Amended Complaint.  See First Motion to Amend at 1.  After a hearing on October 28, 2011, the Court granted the First Motion to Amend.  See Memorandum Order and Opinion at 1, filed February 9, 2012 (Doc. 58).  Scull added PNA Texas as a Defendant in the Plaintiff's First Amended Complaint and deleted Count Two, a § 1983 civil rights claim against MTC from the Complaint.  See First Amended Complaint at 3, filed November 1, 2011 (Doc. 36).  On November 14, 2011, the Court issued an Amended Scheduling Order.  See Amended Scheduling Order, filed November 14, 2011 (Doc. 39).  The Amended Scheduling Order set February 29, 2012 as the termination date for discovery.  See Amended Scheduling Order at 1.  The Court also set Scull's deadline to disclose expert witnesses as January 3, 2012.  See Amended Scheduling Order at 2.  The Amended Scheduling Order stated that all other parties "shall identify in writing any expert witnesses they intend to use at trial and provide expert reports no later than January 30, 2012."  Amended Scheduling Order at 2.   The Court set the deadline for pretrial motions as March 30, 2012.  See Amended Scheduling Order at 2.

Both Defendants responded to the First Amended Complaint.  MTC filed an answer on November 8, 2011.  See Defendant Management Training Corporation's Answer to Plaintiff's First Amended Complaint, filed November 8, 2011 (Doc. 38).  PNA Texas filed an answer to the First Amended Complaint as well, filing under the name PNA of New Mexico, P.C., and noting that Scull improperly named it as "PNA of Texas I, Ltd."  Defendant PNA of New Mexico, PC's (Improperly Designated as PNA of Texas I, Ltd.) Answer to Plaintiffs' [sic] First Amended Complaint, filed January 11, 2012 (Doc. 48)("Answer").

After filing the Answer, PNA Texas filed a Partially Opposed Motion to Extend Deadlines in Scheduling Order, asserting that the Court should grant it more time because it was a new party to the case and had not yet had the opportunity to participate in discovery.  See

Partially Opposed Motion to Extend Deadlines in Scheduling Order at 2, filed January 18, 2012 (Doc. 50)("First Motion to Extend"). Scull responded to the First Motion to Extend and stated that he did not oppose PNA Texas' request for an extension, but that he opposed the Court extending PNA Texas' deadlines without also extending Scull's deadlines with regard to both PNA Texas and MTC for identifying new experts and producing expert reports. See Plaintiff's Response to Partially Opposed Motion to Extend Deadlines in Scheduling Order at 1, filed February 1, 2012 (Doc. 54). After a hearing on February 9, 2012, the Court granted the First Motion to Extend, which extended the deadline to disclose expert witnesses for PNA Texas, granted Scull's request for an extension of his deadline to identify experts against PNA Texas, and denied Scull an extension of deadlines with respect to MTC. See Memorandum Opinion and Order at 16 (Doc. 93)("First Motion to Extend MOO"). In the First Motion to Extend MOO, the Court extended the deadline for the termination of discovery from February 29, 2012, to May 29, 2012, and the deadline for pre-trial motions, other than discovery, from March 30, 2012, to June 29, 2012. See First Motion to Extend MOO at 16.

On June 25, 2012, PNA Texas filed the Second Motion to Extend. PNA Texas requests an extension for the pre-trial motions deadline "to allow the parties to determine the undisputed material facts and evaluate whether dispositive motions are appropriate." Second Motion to Extend at 2. PNA Texas also states:

> [B]ecause of the number of depositions that were requested by Plaintiff, the parties have had difficulty scheduling all of the depositions within the discovery deadline and had an informal agreement that those depositions, requested before the discovery deadline, could be taken outside of the deadline to accommodate schedules. . . . The parties did not otherwise agree to extend discovery.

Second Motion to Extend at 2. The Court held a hearing on June 26, 2012, for the Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint, filed April 30, 2012

(Doc. 90).³ At the hearing, the Court discussed the Second Motion to Extend. The Court asked whether the parties wanted to submit briefs on the Second Motion to Extend or discuss their positions on the matter at the hearing. See Transcript of Hearing at 13:13-16 (taken June 26, 2012) (Court)("Tr.").⁴ The parties agreed to discuss the Second Motion to Extend at the hearing rather than file briefs. See Tr. at 13:17-24 (Gooch, Court, Quintero). MTC informed the Court that it does not oppose the Second Motion to Extend. See Tr. at 13:17-18 (Gooch). Scull stated, however, that although the parties agreed to work outside the discovery deadline, PNA Texas has not yet responded to some of Scull's discovery requests and has not provided certain documents to Scull; thus, unless PNA Texas is willing to produce those documents, Scull opposes the Second Motion to Extend. See Tr. at 17:8-10 (Quintero). Scull informed the Court that the documents he requests are in PNA Texas' sole possession, and that Scull and MTC, on the other hand, had "pretty much worked out everything that [they] needed to work [ ] out." Tr. at 17:14-15 (Quintero).

The parties filed a joint motion to stay on July 13, 2012. See Joint Motion to Stay all Pre-Trial Deadlines Pending Settlement Conference, filed July 13, 2012 (Doc. 135)("Motion to Stay"). The Court granted the Motion to Stay and stated that the pre-trial deadlines would be "reset after the parties participate in a Settlement Conference." Stipulated Order Staying Pre-Trial Deadlines, filed July 25, 2012, (Doc. 136). On September 17, 2012, the parties participated in a settlement conference. See Clerk's Minutes from Settlement Conference before Chief

---

³ Scull filed a Second Motion to Amend the Complaint, seeking to change PNA Texas to Physicians Network Association, Inc. and PNA of New Mexico, Inc. See Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint, filed April 30, 2012 (Doc. 90). The Court denied the motion, however, because of the Stipulated Dismissal of PNA Texas as a party. See Memorandum Opinion and Order, filed March 29, 2013 (Doc. 145).

⁴ The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Magistrate Judge Karen B. Molzen, filed September 17, 2012 (Doc. 139).  On October 17, 2012, the parties filed the Stipulated Dismissal, in which the parties dismissed PNA Texas as a party, as well as the medical malpractice claims (Counts Two and Three) against MTC.  At this point, Scull's only remaining allegation is Count One, against MTC, alleging Negligence under Premises Liability.  See First Amended Complaint at 3-4.

## **RELEVANT LAW ON AMENDING SCHEDULING ORDERS**

Rule 16(b) of the Federal Rules of Civil Procedure provides: "Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order after receiving the parties' report under Rule 26(f). . . .  The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Advisory Committee Notes to rule 16 explain: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Because the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test."  Fed. R. Civ. P. 16, advisory committee's note to the 1983 amendments.  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Street v. Curry Bd. of Cnty. Comm'rs, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan. 30, 2008)(Browning, J.).  Other courts within the Tenth Circuit have held that

> the "good cause" standard primarily considers the diligence of the party. . . .  The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 301 (D. Kan.1996)(alterations in original)(internal quotation marks omitted).  For example, the United States District Court for the District of Utah determined that dismissing a plaintiff's attorney gave the court good cause to amend its scheduling order.  See Kee v. Fifth Third Bank, No. 2:06-cv-00602-DAK-PMW, 2008 WL 183384, at *1 (D. Utah Jan. 17, 2008)("[I]n light of the court's decision to permit [counsel] to withdraw . . . the court has determined that good cause exists for amending the existing scheduling order.").

Where a party is diligent in its discovery efforts and nevertheless cannot comply with the scheduling order, the Court has found good cause to modify the scheduling order if the requesting party timely brings forward its request. In Advanced Optics Elecs, Inc. v. Robins, the Court found that, where a defendant did not conduct discovery or make any good faith discovery requests, and thus did not make any efforts, "diligent or otherwise," to conduct discovery, the defendant did not give the Court good cause to modify a scheduling order.  769 F. Supp. 2d 1285, 1313 n.8 (D.N.M. 2010)(Browning, J.).  In Street v. Curry Bd. of Cnty. Comm'rs, on the other hand, the Court found that a plaintiff had "shown good cause for a delay in seeking leave to amend," because she "was diligent in pursing discovery. Once [plaintiff] began the process of discovery, received documents, and took initial depositions, she brought to the Court's attention her identification of an additional claim in a timely manner."  2008 WL 2397671, at *11. In Stark-Romero v. Nat'l R.R. Passenger Co (AMTRAK), 275 F.R.D. 544 (D.N.M. 2011)(Browning, J.), the Court found that a lawyer had shown excusable neglect when his reason for missing a scheduling deadline was that, soon after his son's wedding, his father-in-law developed a tumor in his chest and the lawyer handled arranging his father-in-law's medical care, and only after the lawyer returned to his work did he realize that a deadline passed.  See

275 F.R.D. at 549-550.  The Court noted that the lawyer could have avoided missing the deadline had he not left his work until the last minute, just before his son's wedding, but found that the lawyer had demonstrated good faith and missed the deadline, because of "life crises," and not his own inadvertence.  275 F.R.D. at 549-550.  In West v. N.M. Taxation & Revenue Dept., No. CIV 09-0631 JB/CEG, 2010 WL 3834341 (D.N.M. July 29, 2010)(Browning, J.), the Court allowed a plaintiff extended time to file a response to a defendant's motion for summary judgment, in part, because the difficulty that the plaintiff experienced attempting to obtain depositions with certain defense witnesses caused her inability to respond, and thus the inability to respond was not her fault; and, in part, because cross-motions on summary judgment are particularly helpful for the Court:

> [C]ross-motions tend to narrow the factual issues that would proceed to trial and promote reasonable settlements.  In some cases, it allows the Court to determine that there are no genuine issues for trial and thereby avoid the expenses associated with trial.  The Court prefers to reach the merits of motions for summary judgment when possible.

2010 WL 3834341, at **4-5.  On the other hand, in Liles v. Washington Tru Solutions, LLC, No. CIV 06-854 JB/CEG, 2007 WL 2298440 (D.N.M. June 13, 2007)(Browning, J.), the Court denied a plaintiff's request for additional time to respond to a defendant's motion for summary judgment, when the only rationale the plaintiff provided was that its counsel's "family and medical emergencies" precluded the plaintiff from timely responding.  2007 WL 2298440, at *2.

## **ANALYSIS**

The Court will deny PNA Texas' Second Motion to Extend.  Under rule 16, a party must demonstrate good cause for amending a scheduling order.  Because the Stipulated Dismissal released PNA Texas from the case, PNA Texas can no longer demonstrate good cause for the Court to extend the pretrial motions deadlines.

Although PNA Texas may have had good cause when the Second Motion to Extend was filed, PNA Texas is no longer a party to this lawsuit.  See Stipulated Dismissal at 1.  The Court indicated during the hearing that it was willing to grant PNA Texas' Second Motion to Extend, so long as PNA Texas did not raise timeliness objections to Scull's motions to compel discovery, see Tr. at 19:16-21; however, because PNA Texas is no longer a party, the Court need not grant the motion.  The Second Motion to Extend relies on PNA Texas' need to depose two more individuals, and PNA Texas requests an extension "to allow the parties to determine the undisputed material facts and evaluate whether dispositive motions are appropriate."  Second Motion to Extend at 2.  Now, however, PNA Texas need not file dispositive motions, because it is no longer a party.  See Stipulated Dismissal.  In Street v. Curry Bd. of Cnty Comm'rs, the Court found good cause where plaintiff "was diligent within the confines of discovery and within the confines of counsels' schedules.  There [was] also no suggestion from the record that [plaintiff] unreasonably delayed initiation of discovery."  2008 WL 2397671 at *11.  In that case, the Court granted the plaintiff's motion, because the suit was ongoing and the plaintiff demonstrated good cause, under rule 16, through her diligence in meeting deadlines.  Here, although PNA Texas may have been diligent in meeting scheduling deadlines before the Settlement Conference and, thus, the Court would have granted the Second Motion to Extend, because PNA Texas is no longer a party to this suit, it does not need additional time to depose individuals or to file dispositive motions.  PNA Texas, therefore, no longer has good cause to extend the pre-trial motion deadlines, and the Court denies the Second Motion to Extend.

**IT IS ORDERED** that the Opposed Motion to Extend Pre-Trial Motions Deadline, filed June 25, 2012 (Doc. 124), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Connie Quintero
Scherr & Legate, PLLC
El Paso, Texas

    *Attorneys for the Plaintiff*

Kurt Wihl
Christina Muscarella Gooch
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant Management and Training Corporation*

Agnes F. Padilla
Michael Scott Owen
Butt, Thornton & Baehr, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant PNA of Texas I, Ltd.*